UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| FALANIKO KATA,<br><br>      Movant,<br><br> vs.<br><br>J.W. COX, WARDEN,<br><br>      Respondent. | 4:20-CV-04204-KES<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

  This matter is before the court on the *pro se* petition of Falaniko Kata, an inmate at the Yankton Federal Prison in Yankton South Dakota. See Docket No. 1. Mr. Kata seeks habeas relief under the First Step Act. Now pending is a motion to dismiss by respondent on the grounds this court lacks subject matter jurisdiction. Docket No. 21. This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

**FACTS**

  The facts asserted by Mr. Kata in his petition are as follows. He alleges he has accumulated 365 days of earned time credits under the First Step Act. Docket No. 1 at p. 6. He states his projected release date is October 17, 2023. Id. His home eligibility date is April 17, 2023. Id. Mr. Kata asserts respondent is refusing to credit Mr. Kata's earned time credits now; instead he is waiting

until January 1, 2022, to credit him with his proper credits. Id. Mr. Kata asserts if respondent properly credited him with his earned time credits now under the First Step Act, he would have a home eligibility date of April 17, 2022, with a projected release date of October 17, 2022. Id.

## DISCUSSION

The court accepts Mr. Kata' allegations for purposes of this opinion without holding that they are accurate or well-founded in the law. However, even interpreting Mr. Kata' allegations and legal argument as true, he cannot be granted relief for the reason that his claim is not ripe.

"Article III of the United States Constitution limits the jurisdiction of federal courts to 'actual ongoing cases or controversies.' " Arango-Palacios v. Yankton FPC Warden, 4:21-cv-04061-LLP, Docket No. 16 at p. 2 (D.S.D. Aug. 9, 2021). Ripeness concerns the issue whether a live case or controversy has been presented and, if not, if it is likely to ever be presented. Id.

Even if Mr. Kata is correct that the respondent is reading the First Step Act unlawfully by delaying implementation until January 15, 2022, even under a "best case scenario" asserted by Mr. Kata, he would not be released until April 17, 2022.[1] See Docket No. 1 at p. 6.

There are three months between January 1, 2022, and April 17, 2022, during which there is every possibility Mr. Kata will be credited with the earned

---

[1] The court notes a prisoner does not have a constitutional or statutory right to early release on home confinement (Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979)), so there is in actuality 10 months for respondent to apply Mr. Kata's First Step Act credits before they run afoul of Mr. Kata's rights.

time credits he believes he should have. If respondent does so, there will never be a live case or controversy presented. If respondent does not give Mr. Kata credit, then there will be a live case or controversy and Mr. Kata can refile a petition with the court at that time.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends granting respondent's motion to dismiss [Docket No. 21] and dismissing Mr. Kata's § 2241 petition without prejudice for lack of ripeness. The claim he presents does not now and may never present a live case or controversy. Should the respondent fail to credit him with his programming credits he claims to be entitled to after January 15, 2022, Mr. Kata should be allowed to refile his petition.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED September 16, 2021.   BY THE COURT:

*[signature]*
VERONICA L. DUFFY
United States Magistrate Judge