UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| FALANIKO KATA, a/k/a Falaniko Soane, a/k/a Steven Cunningham,<br><br>  Petitioner,<br><br>vs.<br><br>J.W. COX, in his capacity as Warden of Yankton Federal Prison Camp,<br><br>  Respondent. | 4:20-CV-04204-KES<br><br>ORDER GRANTING RESPONDENT'S SECOND MOTION TO DISMISS AND ADOPTING THE MAGISTRATE JUDGE'S SECOND REPORT AND RECOMMENDATION IN FULL |

Petitioner, Falaniko Kata, brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. Kata seeks immediate application of his earned time credits under 18 U.S.C. § 3621(h)(4). *See id.* at 6-8. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), and this court's October 16, 2014, standing order. After this court rejected the Magistrate Judge's first report and recommendation, the court directed the respondent to respond to the merits of Kata's petition by May 17, 2021. Docket 20.

Respondent now moves to dismiss Kata's petition for lack of subject-matter jurisdiction and for failure to state a claim. Docket 21. The Magistrate Judge entered a second report and recommendation recommending Kata's petition be dismissed without prejudice for lack of ripeness. Docket 26 at 3. Kata objects to the report and recommendation. Docket 27. For the following reasons, this court overrules Kata's objections, adopts the Magistrate Judge's

1

second report and recommendation in full, and grants respondent's motion to dismiss.

## STANDARD OF REVIEW

The court's review of the Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to a magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

Respondent states that Kata has a projected release date of October 17, 2023, via an early release under 18 U.S.C. § 3621(e) for successful completion of the Residential Drug Abuse Program. Docket 7 at 1-2. In his initial petition, Kata asked the court to order immediate application of 365 days of First Step Act (the "Act") time credits earned through participation in evidence-based recidivism reduction programming and productive activities. Docket 1 at 6. In his objections to the Magistrate Judge's second report and recommendation, Kata claims that he now has earned 15 to 16 months of time credits because he has continued to participate in programming and activities since filing his petition. *See* Docket 27 at 2. Respondent states that Kata has completed 556 hours, or 69.5 days, of programming and activities. Docket 22 at 17.

Respondent has taken the position that it has the discretion to determine whether the time credit incentives will be implemented before the end of the 2-year phase-in period under the Act, which covers the time period until January 15, 2022. Docket 22 at 15-17. Before discussing that issue, however, the court must determine if it has jurisdiction under Article III of the United States Constitution.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Two components of the Article III case-or-controversy requirement are the "closely related" concepts of standing and ripeness. *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (citation omitted). The ripeness inquiry in some cases may therefore "be characterized as standing on a timeline." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). Whether a claim is ripe depends on "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)).

Rulemaking decisions by respondent are subject to judicial review, but adjudicative decisions in a specific case are not subject to judicial review. 18 U.S.C. § 3625; *see also Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998) ("[I]t is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions."). There has been no showing in this case to support a general challenge to the rulemaking of respondent on

3

whether to allow time credits for various inmate activities, and if allowing time credits, how many time credits to allow for each day of activity.

Kata is the proper party to bring this claim. But there is not at this time and might never be a time when Kata has a valid claim that he will lose days of time credits to which he is entitled under the Act. Under respondent's calculation, Kata would be entitled at the most to 34.75 days of time credits for evidence-based recidivism reduction programming and productive activities that he has currently completed. Docket 22 at 17. Because there is adequate time for the application of the earned time credits after the latest date for implementation of the Act on January 15, 2022, but well in advance of his projected release date of October 17, 2023, this claim is not ripe for adjudication and is dismissed without prejudice to the bringing of a claim when ripe, if that ever happens.

## CONCLUSION

Because Kata's claim is not ripe, the court does not have jurisdiction under Article III of the United States Constitution to hear this claim. The court adopts the Magistrate Judge's report and recommendation dismissing this matter for lack of subject-matter jurisdiction on ripeness grounds and overrules Kata's objections.

Thus, it is ORDERED:

1. That respondent's second motion to dismiss (Docket 21) is granted. Kata's petition for writ of habeas corpus under 28 U.S.C. § 2241 is dismissed without prejudice.

2. That the Magistrate Judge's second report and recommendation (Docket 26) is adopted in full as supplemented herein.

3. That Kata's objections (Docket 27) are overruled as moot.

Dated December 20, 2021

>BY THE COURT:
>
>/s/ *Karen E. Schreier*
>KAREN E. SCHREIER
>UNITED STATES DISTRICT JUDGE